# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## No. 16-4656

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

LARECIUS MATTISON, a/k/a Tadpole,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:15-cr-00130-TMC-1)

Submitted: April 7, 2017                     Decided: April 21, 2017

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Andrew B. Moorman, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larecius Mattison pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, 18 U.S.C. §§ 841(a)(1), 846 (2012). He was sentenced to 120 months in prison. Mattison appeals, raising two sentencing issues. We conclude that neither issue has merit and that the sentence is procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Accordingly, we affirm.

Mattison first contends that the district court erroneously held him responsible for a minimum of one kilogram of cocaine. Because he did not raise this issue below, our review is for plain error. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010). To establish plain error, Mattison must show that an error occurred, that it was plain, and that it affected his substantial rights. *See United States v. Olan*o, 507 U.S. 725, 732 (1993). We will not exercise our discretion to correct plain error unless the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

At his Fed. R. Crim. P. 11 hearing, Mattison conceded that he was responsible for 500 grams or more of cocaine. He also agreed that the United States' recitation of the factual basis was accurate. According to the factual basis, agents witnessed Mattison leave a hotel room and place in a garbage can "a kilogram wrapper that contained a kilogram of cocaine earlier that day." In light of Mattison's representation to the court, we find no plain error in the district court's holding him accountable for at least one kilogram of cocaine. *See United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993)

2

(drug weight may be established by defendant's acknowledgment during Rule 11 hearing that amount alleged by Government is correct).

Mattison also contends that the district court did not fully and accurately address his request to be placed in a state drug court known as the Bridge Program, under which the defendant participates in a period of drug treatment prior to sentencing. Whether to approve an applicant's admission into the program depends upon a variety of factors, including a verified history of current substance abuse or addiction, the nature of the current charge, the defendant's criminal history, and his dangerousness to the community. Upon successful completion of the program, the United States, in its sole discretion, may move for downward departure or variance, reduce or dismiss the charge, refer the defendant to pretrial diversion, or recommend a non-Guidelines sentence.

The district court gave several reasons for denying Mattison's request for placement in the Bridge Program. Among other things, the court noted that there was evidence of drug use but not drug addiction and that the present offense was serious and involved possession of a firearm. This explanation sufficiently addressed Mattison's request for placement in the program.

We therefore affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3